HOUSTON F. JAMES v. PRODUCTION PRODUCTS, INC.

201 N. W. 2d 148.

August 25, 1972—No. 43112.

*Bruce B. James,* for appellant.

*Oppenheimer, Brown, Wolff, Leach & Foster* and *Thomas P. Kane,* for respondent.

Considered by Knutson, C. J., and Kelly, Todd, and Mason, JJ.

PER CURIAM.

Plaintiff brought suit in district court on a judgment obtained in the **Texas district court. From a judgment** entered pursuant to an order granting summary judgment to plaintiff, defendant appeals. We affirm.

In his original petition for relief which was filed in Texas, plaintiff

asked for $4,820.46 for commissions owed him by defendant and "reserve[d] the right to amend his petition to include such additional amounts as the evidence will show." Answers to subsequent interrogatories indicated that the commissions owed amounted to $16,310.46. When the case was called for trial, defendant's counsel announced that his client did not desire to offer any evidence in defense. After proof was offered by plaintiff, the court stated to respective counsel that plaintiff was entitled to recover $16,310.46. The court refused defense counsel's request for time to discuss the increased amount of the obligation with his client and also denied a motion for a continuance. Plaintiff was allowed to amend his prayer for relief to $16,310.46, and judgment for that amount was entered. The judgment contains a statement that there was no contention that the amendment would operate as a surprise or in any way prejudice defendant. The judgment was not by default since at all times defendant's counsel was present in the Texas courtroom.

After judgment, defense counsel moved the Texas court for an order setting aside the judgment on the grounds among other things that he was surprised by the allowance of the amendment as to the amount of the claim. This motion was denied by the Texas court.

In plaintiff's suit in the Minnesota district court on the Texas judgment, defendant's answer alleged that he had no reasonable notice of the amended petition for relief and was deprived of an opportunity to defend against the increased amount. Thus, he argues, the Texas judgment is not entitled to full faith and credit because he was not afforded due process of law.[1]

The issue is whether the district court was correct in ruling that no issue of fact existed and that the Texas judgment was entitled to full faith and credit in Minnesota.

The case is clearly appropriate for summary disposition. The factual question of whether or not defendant was surprised is immaterial. The only issue is whether defendant was denied notice and an opportunity to defend. The relevant material facts are set forth in the pleadings, motions, interrogatories, and court memoranda of the Texas proceedings. The district court below had access to all of these documents. Furthermore, there was no genuine fact issue before that court. The

---

[1] D. H. Overmyer Co. v. Frick Co. 405 U. S. 174, 92 S. Ct. 775, 31 L. ed. 2d 124 (1972), indicates that in a civil suit defendant has a constitutional right to notice and an opportunity to defend, but that right can be waived.

mere assertion of lack of due process in the Texas court is insufficient. The defendant must present specific facts showing a genuine issue for trial.

The amendment to the petition for relief and the judgment entered pursuant thereto do not deprive defendant of his due process right to notice and a hearing. The contract between the two parties granted plaintiff a commission on all products sold in Texas and several other states. Plaintiff, in his pleadings, alleged specific sales. Defendant was required to answer 10 interrogatories, one of which admitted several additional specific sales. Defendant was, therefore, aware that facts existed which would entitle plaintiff to increased damages and knew plaintiff's petition for relief "reserve[d] the right to amend his petition to include such additional amounts as the evidence will show." Defendant had the additional opportunity to defend by appealing the Texas court's decision to the appellate courts of that state. Since the Texas judgment was not void for lack of due process of law, it is entitled to full faith and credit in Minnesota.

Affirmed.

MR. JUSTICE MacLAUGHLIN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.